FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

06 APR 11  PM 1:04

OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>NORMAN R. FORD, )<br>)<br>Defendant. ) | **ORDER SETTING CONDITIONS<br>OF RELEASE**<br><br>Case Number:  4:06CR3008 |

In response to my order of March 16, 2006 the defendant has moved again for release on conditions, stating that there is no person who can serve as a third-party custodian for the defendant. I accept that representation by counsel to the court. I shall release the defendant on a curfew with electronic monitoring, not because he is a flight risk, but because he should be monitored by someone, and the electronic monitoring will be better than nothing.

**IT IS ORDERED** that the release of the defendant is subject to the following general conditions:

(1)   The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2)   The defendant shall immediately advise the court, through defense counsel, before any change in address and/or telephone number.

(3)   The defendant shall appear at all proceedings as required. The defendant shall next appear at (if blank, to be notified):

_____ on _____To be notified_____
                     Place                                               Date and Time

**Transportation to and from court appearances shall be at the defendant's expense, unless the appearance is scheduled with too little time to allow the defendant to take ground transportation to the court. Defendant's counsel shall notify defendant immediately upon learning of any scheduled or rescheduled court appearance.**

(4)   The defendant shall surrender as directed for service of any sentence imposed.

**IT IS FURTHER ORDERED:**

(x)   (5)   The defendant shall execute an unsecured appearance and compliance bond binding the defendant to pay the United States the sum of Two Thousand dollars ($ 2,000.00 ) in the event of a failure to appear as required, failure to comply with any of the conditions of this order, or to surrender as directed for service of any sentence imposed.

( )   (6)   The defendant is placed in the **THIRD PARTY CUSTODY** of: _____

_____
(Name of person or organization)

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed:_____    _____
                        Custodian                              Date

(x)   (7)   The defendant shall:

  (a)   (✓)   Truthfully report to the supervising officer as directed.

  (b)   (✓)   Execute a bond or agreement to forfeit upon failing to appear as required or failing to abide by any of the conditions of this order, the following sum of money: $ <u>2,000.00</u>  or alternatively, the following property: _____.

  (c)   (✓)   Avoid all contact, directly or indirectly, with any persons, who are or who may be involved with the subject investigation or prosecution as a victim, potential witness, juror, or otherwise in, including but not limited to:
_____

**RESIDENCE AND TRAVEL:**

  (d)   (✓)   Surrender any passport to the supervising officer, and obtain no passport.

  (e)   (✓)   Abide by the following restrictions on personal associations, place of abode, or travel:
**Not leave** <u>Nebraska</u>

  (f)   (✓)   Participate in one of the following home confinement program components and abide by all the requirements which [✓] will   [x] will not  include electronic monitoring or other location verification system. Installation of monitoring equipment shall **be within one week of release,** and be at defendant's expense, payable in advance of the installation; monitoring expenses shall be paid by defendant monthly. Defendant shall not disconnect, cut, alter, damage, destroy, or in any way interfere with the monitoring equipment or its proper operation.

   (✓)   (i) **Curfew**. You are restricted to your residence every day from <u>9:00 p.m.</u> to <u>6:00 a.m.</u> or as otherwise directed by the supervising officer in order to accommodate employment, education, religious service, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court-ordered obligations or other activities **pre-approved** by the supervising officer, or

   ( )   (ii) **Home Detention**. You are restricted to your residence at all times except for employment, education, religious service, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court-ordered obligations or other activities **pre-approved** by the supervising officer, or

   ( )   (iii) **Home Incarceration**. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the supervising officer.

  (g)   (✓)   Except as required by a treatment program, not be with, associate with, or communicate with persons known or suspected to be or to have been involved in drug use or trafficking.

EVALUATIONS AND TREATMENT:

- (h) (✓) Participate in mental health counseling as directed by the supervising officer after an appropriate evaluation and recommendation for treatment by a mental health professional.

WEAPONS:

- (i) (✓) Not be with, associate with, or communicate with persons known or suspected to be or to have been in illegal possession of weapons or involved in weapons trafficking.

- (j) (✓) Refrain from possessing a firearm, destructive device, or other dangerous weapon.

GENERAL DRUG CONDITIONS:

- (k) (✓) Refrain from [x] any   [ ] excessive   use of alcohol, and shall not be found in business or other premises at which alcohol is served or sold.

- (l) (✓) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

- (m) (✓) Submit to testing—by any methods—required or directed by the supervising officer for determining whether the defendant is using or has used a prohibited substance. All collections of fluids for testing shall be at the defendant's expense, payable at the time of collection; further, defendant shall refrain from obstructing or attempting to obstruct, tamper, or interfere with the efficiency and accuracy of any such testing.

OTHER CONDITIONS:

- (n) (✓) Report as soon as possible to the supervising officer any contact with any law enforcement personnel including, but not limited to, any arrest, questioning, or traffic stop.

- (o) (✓) Submit to search of person, living premises, and/or any vehicle owned or occupied by defendant, upon request of law enforcement or the supervising officer.

- ( )  ( )  _____

(✓) (8) The defendant shall sign this order below, acknowledging that s/he agrees to abide by all the conditions herein and has been advised by his/her attorney of the "Penalties and Sanctions" section of this order. Defendant's attorney shall sign below, acknowledging that s/he has reviewed the conditions of release and the "Penalties and Sanctions" portion of this order with the defendant, and also reviewed the conditions with the staff of the facility named above, if applicable, who have agreed to monitor the defendant in accordance with these conditions, and to notify the supervising officer immediately should the defendant fail to abide by any of them. Upon receiving these assurances and signatures, defendant's counsel shall return the order to the court.

### CERTIFICATION OF ATTORNEY

I hereby state and declare that I am the attorney for the defendant herein; that I have reviewed with the defendant each of the conditions of release herein; that I have advised the defendant of the "Penalties and Sanctions" portion of this order; and that the defendant has indicated his/her understanding of such provisions and has promised to obey this order. I further state and declare, if applicable, that I have spoken with _____N/A_____, who is the _____N/A_____ of the treatment facility above named, that I have advised said officer of the conditions of release in this order, and that s/he has assured me that the staff of that treatment facility agrees to monitor the defendant's compliance with the conditions herein, and to notify the supervising officer of any failure of the defendant to comply with any of them.

_____
Defendant's Attorney

# ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:  YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor.  This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation.  It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:
 (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
 (2) an offense punishable by imprisonment for a term of five years or more, but less that fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
 (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
 (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## OATH OF DEFENDANT

I hereby swear or affirm that:  (1) I have been advised by my attorney of each of the conditions of my release as stated in this order; (2) that I will truly and faithfully abide by each and all of these conditions; (3) that I have been advised by my attorney of the "Penalties and Sanctions" portion of this order and I understand those provisions; and(4) that my agreement to abide by these conditions is my voluntary act and deed.

_____
Defendant

DIRECTION TO MARSHALS:

(✓) The United States Marshal is ordered to keep the defendant in custody until notified that this order has been signed by defendant, defendant's counsel, and the court, and, if required, the third-party custodian.  In the event the defendant is being released to reside in a group residential facility or to attend inpatient treatment, the supervising officer shall notify the U.S. Marshal of the appointed time of arrival there, and defendant shall be released as directed by the court at such time as there remains sufficient time to travel to the treatment facility and timely arrive, but with as little excess time as is practicable under the circumstances.

BY THE COURT  This 10th day of April, 2006:

_____
U.S. Magistrate Judge

04-10-06